IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALONZO JOHNSON,
    Petitioner,

vs.                                          Case No.: 3:13cv319/RV/EMT

UNITED STATES,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

        This case is before the court on Petitioner's habeas petition filed under 28 U.S.C. § 2241 (doc. 1). Respondent filed a motion to dismiss the petition (doc. 6). Petitioner file a motion to strike Respondent's motion (on the ground that the court-approved petition form instructed him not to cite legal authority, but Respondent cited legal authority in its motion), as well as a response in opposition to the motion to dismiss (docs. 10, 11).

        The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that the petition should be dismissed for lack of jurisdiction.

I.    BACKGROUND AND PROCEDURAL HISTORY

        Petitioner does not dispute Respondent's recitation of the background of this case. On May 15, 2006, Petitioner was named in a fourteen co-defendant criminal complaint alleging violations of federal controlled substance and firearm laws (doc. 6 at 2). *See* United States v. Johnson, Case No. 3:06mj86/MD, Complaint (N.D. Fla. May 15, 2006). On June 6, 2006, Petitioner was indicted by a federal grand jury on one count of conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of a mixture containing cocaine and fifty (50) grams or more of a mixture containing cocaine base (Count One), and one count of possession of a firearm in furtherance of the

drug trafficking conspiracy alleged in Count One (Count Two). *See* <u>United States v. Johnson</u>, Case No. 3:06cr66/LAC, Indictment, Doc. 93 (N.D. Fla. June 6, 2006). On June 8, 2006, the Government filed a Notice of Enhancement Information exposing Petitioner to mandatory life imprisonment as to Count One, with a mandatory consecutive five-year term of imprisonment as to Count Two. *Id.*, Notice of Enhancement Information, Doc. 105 (N.D. Fla. June 8, 2006). On June 13, 2006, Petitioner entered a guilty plea to the charges and executed plea and cooperation documents. *Id.*, Plea Agreement, Doc. 134 (N.D. Fla. June 13, 2006), Acceptance of Plea of Guilty, Doc. 140 (N.D. Fla. June 15, 2006). Prior to sentencing, the Government filed a substantial assistance motion (doc. 6 at 2). The sentencing court granted the motion and sentenced Petitioner to 220 months of imprisonment on Count One, to be followed by 60 months of imprisonment on Count Two, for a total of just over 23 years of imprisonment. *Id.*, Judgment, Doc. 199 (N.D. Fla. Sept. 27, 2006), Statement of Reasons, Doc. 200, (N.D. Fla. Sept. 27, 2006). Nearly five years later, on August 29, 2011, the Government filed a second substantial assistance motion, under Rule 35 of the Federal Rules of Criminal Procedure. *Id.*, Motion for Rule 35 Relief, Doc. 319 (N.D. Fla. Aug. 29, 2011). The court granted the motion and reduced Petitioner's sentence to 150 months of imprisonment on Count One, to be followed by 60 months of imprisonment on Count Two. *Id.*, Order Reducing Sentence, Doc. 323 (N.D. Fla. Oct. 12, 2011).

Petitioner filed the instant § 2241 petition on May 12, 2013, while housed at the Federal Correctional Institution McDowell in Welch, West Virginia (doc. 1). He was transferred to the United States Penitentiary Canaan in Waymart, Pennsylvania in June of 2013 (doc. 8). Petitioner contends he is entitled to a greater reduction in his sentence than the court awarded, due to the extensive assistance he provided the Government (docs. 1, 11). He requests an additional reduction of five (5) years (doc. 11 at 3).[1]

Respondent contends Petitioner's claim is not cognizable under § 2241, because it is a sentencing claim that Petitioner could have raised in a motion filed under 28 U.S.C. § 2255 but did not, and Petitioner has failed to show he may proceed under § 2241 through the "savings clause" of

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

§ 2255(e) (doc. 6 at 3–4).[2]  Respondent additionally contends that even if Petitioner could proceed under § 2241, he is not entitled to relief (*id.* at 4–6).

II.  ANALYSIS

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789.  *See* United States v. Hayman, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952).  The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  Section 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention.  *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008) (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons's administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review).  However, a collateral attack on the validity of a federal conviction and sentence, is properly brought under 28 U.S.C. § 2255.  Antonelli, 542 F.3d at 1348; United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is primary method of collateral attack on federally imposed sentence); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. Apr. 1981) (attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241)[3]; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

---

[2] Title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

[3] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Thus, § 2255 is intended to channel challenges to the legality of the conviction and imposition of sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. A defendant may not circumvent the procedural limitations on § 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Additionally, habeas corpus applications under § 2241 are required to be brought in the district of confinement. *See* Rumsfeld v. Padilla, 542 U.S. 426, 443, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); Hayman, 342 U.S. at 213; *see also, e.g.*, Garcia v. Warden, 470 F. App'x 735, 736 (11th Cir. 2012) (unpublished). Whereas, § 2255 motions are properly brought in the district of conviction.

In the instant case, Petitioner was not confined in this district when he filed his § 2241 petition, nor is he confined in this district now. Therefore, this court does not have jurisdiction to consider his § 2241 petition. Further, the undersigned deems it inappropriate to re-characterize the instant petition as a § 2255 motion, because Petitioner expressed his intent to proceed under § 2241 by choosing to file his pleading on the § 2241 petition form approved for use in this court, instead of the § 2255 motion form (*see* doc. 1). Additionally, even after the Government noted in its motion to dismiss that collateral attacks on the validity of a federal sentence must typically be brought under § 2255 (*see* doc. 6 at 3), Petitioner—in responding to the motion—gave no indication he wished to proceed under § 2255 (*see* doc. 11).[4] *See, e.g.*, Garcia, 470 F. App'x at 736 (district court should not have re-characterized petitioner's § 2241 petition as a § 2255 motion, given that petitioner consistently maintained he intended to bring a § 2241 petition); Wyatt v. United States, 574 F.3d 455, 460 (7th Cir. 2009) (explaining that courts "must respect a litigant's decision to invoke a certain statute").

Accordingly, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be **DISMISSED for lack of jurisdiction**.

---

[4] The Government also asserted that the time for filing a motion under § 2255 has "long passed," that Petitioner failed to demonstrate that the "savings clause" of § 2255 applies, and that this court cannot consider the instant claims regarding the length of his sentence because those claims could have been raised in earlier proceedings (*see* doc. 6 at 3–4).

Case No: 3:13cv319/RV/EMT

2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 24th day of September 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**